# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1897

_____

Nabila Quraishi

*Plaintiff - Appellant*

v.

Creative Planning, LLC, formerly known as Creative Planning, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: June 4, 2026
Filed: June 16, 2026
[Unpublished]

_____

Before GRUENDER, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Nabila Quraishi appeals the district court's[1] order dismissing her motion to vacate an arbitration award in favor of Creative Planning, LLC because she did not

_____

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

effectuate service as required by the Federal Arbitration Act (FAA), 9 U.S.C. § 12, within the 3-month deadline.  Upon de novo review, see Magee v. United States, 9 F.4th 675, 680 (8th Cir. 2021) (standard of review), we affirm.

As Creative Planning was not a resident of the district in which the arbitration award was made, the FAA required notice of Quraishi's motion to vacate to be served by the United States Marshal in the district in which Creative Planning resided, and her service via FedEx and email did not satisfy this requirement.  See 9 U.S.C. § 12 (notice of motion to vacate arbitral award must be served upon adverse party or his attorney within 3 months after award is filed or delivered; if adverse party is non-resident of district in which award was made, notice of application shall be served by marshal of any district within which adverse party may be found in like manner as other process of court); Piccolo v. Dain, Kalman & Quail, Inc., 641 F.2d 598, 600 (8th Cir. 1981) (per curiam) (plaintiffs' failure to serve their complaint to vacate within 3 months of award deprived district court of power to review award).  While this court has not decided whether a due-diligence exception to the statutory deadline exists, we would decline to apply it in this case, as Quraishi did not demonstrate diligence in obtaining counsel or moving for service by the marshal.  See Piccolo, 641 F.2d at 601 (questioning existence of due-diligence exception to statutory deadline and finding movants' efforts to comply with statute were not diligent anyway).  We find no merit to Quraishi's remaining arguments regarding the sufficiency of her attempted service under Federal Rule Civil Procedure 4, the American Arbitration Association Rules, or general principles of due process and actual notice.

The judgment is affirmed.  See 8th Cir. R. 47B.

_____